## BOLINGER *v.* SULPHUR SPRINGS STATE BANK.

[No. 12,474. Filed April 8, 1926. Rehearing denied July 2, 1926.]

BANKS AND BANKING.—*Agreement by owner of land that, on sale thereof, purchase money should be paid to bank holding third mortgage, with authority to pay all obligations, held to authorize payment of first and second mortgages and other indebtedness.*—An agreement by a landowner to the effect that, on the sale of his land, the purchase money should be paid to a bank which held a third mortgage thereon, with authority "to apply said proceeds on and towards the payment and satisfaction of any and all obligations from first party to said bank," *held* to authorize payment by the bank of the first and second mortgages, taxes, and expenses other than the indebtedness secured by said third mortgage.

From Henry Circuit Court; *George D. Forkner,* Special Judge.

Action by the Sulphur Springs State Bank against Charles A. Bolinger. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Robert S. Hunter,* for appellant.

*E. G. Scotten* and *John H. Morris,* for appellee.

ENLOE, P. J.—In November, 1920, one Houghton McDaniel and Annie McDaniel, his wife, were the owners of certain lands in Henry county, Indiana, and they were indebted to the Sulphur Springs Bank in a sum of more than $3,000. November 5, 1920, they executed their promissory note for the sum of $3,204.96 to said bank, promising to pay said sum six months after date, with interest and attorney's fees, and to secure the payment thereof, they executed a mortgage on their said real estate. The mortgage so executed was a third lien upon said real estate, the first being held by the Joint Stock Land Bank, of Ft. Wayne, to secure about $10,-000, and the second by one Huffman, of Henry county, to secure about $2,000. In January, 1921, the said Mc-

Daniels conveyed said lands, subject to said mortgage liens, to the appellant herein and his wife. The appellee is the successor of said Sulphur Springs Bank in the ownership of said note so given to it. In December, 1923, the said note so given to the Sulphur Springs Bank was unpaid, past due, and the holder had placed the same in the hands of attorneys for collection; the appellant herein, for the purpose of securing additional time within which to pay said note, agreed with the appellee that he would, if the time for the payment of said note was extended, further secure said note by executing a chattel mortgage on certain personal property; an extension of the time of payment of said note was agreed upon, and the said chattel mortgage duly executed and recorded.

In May, 1924, the appellant and his wife entered into a contract with one Ridgway for the sale of a portion of said lands owned by them to said Ridgeway, the money to be paid to the appellee herein, and on June 3, 1924, the appellant and his wife entered into a contract with one Sellers and his wife to sell to said Sellers and wife the residue of the land then so owned by them, the purchase money therefor to be paid to the appellee bank. In the said contract so executed was the following provision: "said first party further specifically agrees, consents and authorizes said Sulphur Springs State Bank, immediately upon the receipt of said settlement, from second party, to apply said proceeds therefrom on and towards the payment and satisfaction of any and all obligations due from first party to said Sulphur Springs State Bank." In said contract was also the following clause: "It being the intention of all the parties hereto that in the settlement of this agreement the said Bank shall act, not only as a depositary for said papers, but also as agent for both the parties hereto."

. The said contracts of sale were carried out, and as a result thereof, there came into the hands of appellee purchase money to the amount of $15,500. The record discloses that of the money so received, the appellee paid in satisfaction of said land bank mortgage, for principal and interest, the sum of $10,316.90; in satisfaction of the Huffman mortgage, the sum of $2,160.00; for taxes on said lands, $110.97; for revenue stamps, $13.70; for surveying, $7.50; for abstract of title to lands sold, $22.50.

The appellee also took credit to itself for certain items of indebtedness claimed to be owing to it by appellant, and then brought this action to recover a balance claimed to be due on said note and for the foreclosure of said mortgage. No question is made as to the sufficiency of any of the pleadings and they need not be set out. The cause was tried by the court and resulted in a finding and decree in favor of appellee, from which, after his motion for a new trial was overruled, this appeal is now prosecuted upon an assignment that the court erred in overruling said motion.

It seems to be the contention of the appellant that the appellee had no right to apply the money coming into its hands, or any part thereof, to any indebtedness other than that secured by the said chattel mortgage, and that the decision of the court is, therefore, contrary to law. We hold that the language of the said contract of sale, as heretofore set out, is plain and unambiguous, and that, in the application for said payments, said appellee was not limited to the note in suit.

No error is presented, and the judgment is therefore affirmed.